(No. 3911—

THOMAS KENNING, Claimant, *vs.* STATE OF ILLINOIS, Respondent.
*Opinion filed May 14, 1946.*

C. EVERETT SMITH, for claimant,

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

130

DAMRON, J.

This is a claim for benefits under the Workmen's Compensation Act.

On the 7th day of November 1944, this claimant, while in the performance of his duties as an attendant at the Lincoln State School and Colony, received an injury to his index finger of the left hand while attempting to subdue a patient.

That, as a result of said injury, the index finger of the left hand was fractured.

The evidence discloses that claimant was given immediate medical attention, the index finger was placed in a cast for six weeks thereafter. Therapy treatment was used and at the time of the taking of the testimony, on the 29th day of November 1945, according to the medical testimony, claimant had but 5 degrees use in the midphalanx and about 10 degrees use in the phalanx metacarpal. The distal joint had about 2 degrees use. The physician, called on behalf of claimant, testified that due to this injury, claimant's left hand was smaller due to non-use.

After full consideration of this record, which consists of the complaint, departmental report and transcript of evidence, it appears that at the time of the injury in question, the claimant and respondent were operating under the provisions of the Workmen's Compensation Act and notice of the accident and claim for compensation were made within the time provided in Section 24 of said Act, and that the injury arose out of, and in the course of, claimant's employment.

It also appears, from the record, that claimant is not entitled to an award on account of temporary total disability, he having lost no actual time due to his injury and his salary was paid to him without interruption.

It further appears from the record, that the annual wages of claimant for one year next preceding the date of the accident, were $1320.00; his average weekly wage, therefore, amounts to $25.38, his weekly compensation rate is $14.91.

It also appears from the record that this claimant has suffered a 90% permanent loss of use of the index finger of his left hand. Under the provisions of Section 8, Paragraphs (e) and (1) of the Workmen's Compensation Act, as amended, claimant is entitled to 50% of his average weekly wage for a period of 36 weeks or the sum of $536.76. It further appears from the record that all medical and hospital services have been furnished by the respondent.

An award is therefore entered in favor of the claimant, Thomas Kenning, for the sum of Five Hundred Thirty-Six Dollars and Seventy-Six Cents ($536.76) all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of, "An Act concerning the payment of compensation awards to State employees."